**Robert J. STROPLE**

v.

**LOCAL BOARD NO. 60, MEDIA, PENNSYLVANIA**
and
**Local Board No. 3, Portland, Maine.**

**Civ. A. No. 71–744.**

United States District Court,
E. D. Pennsylvania.

May 24, 1971.

Egnal & Egnal, Philadelphia, Pa., for plaintiff.

L. C. Bechtle, U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

TROUTMAN, District Judge.

Plaintiff in this Selective Service case seeks to enjoin the defendants from inducting him into the armed forces or from ordering him to report for induction. Defendants have moved to dismiss the complaint on two grounds, namely, that the Court lacks jurisdiction to review local board's actions at this pre-induction stage of the proceedings by reason of 50 U.S.C. App. § 460(b) (3) and that plaintiff's complaint fails to state a claim upon which relief can be granted. These matters are presently before the Court for disposition.

Plaintiff is presently under an order from defendant Local Board No. 60, Media, Pennsylvania, to report for induction on April 13, 1971. We temporarily restrained the scheduled induction in order to receive defendants' response and hear argument on defendants' motion to dismiss. The facts as they appear in the complaint, which we must accept as true on this motion, are as follows:

Plaintiff received II–S student deferments while he was a student at Worcester Polytechnic Institute and after receiving his degree was classified I–A by his Local Board on February 17, 1969. After graduation, plaintiff became an employee of the Gulf & Western Company which requested that plaintiff be given an occupational deferment. The Scientific Advisory Committee for the State of Ohio where the job was located recommended that the deferment be granted. However, plaintiff's Local Board refused the deferment and forwarded plaintiff's file to the Ohio State Appeal Board. That Board on August 19, 1969, rejected the Local Board's determination and classified plaintiff II–A until June 1, 1970, by a 3–1 vote.

Before the expiration of the one-year period of the occupational deferment on June 1, 1970, letters were mailed by the plaintiff and his employer requesting continuation of the II–A status, setting forth the requirements outlined in 32 C.F.R. § 1622.23(a).

On June 15, 1970, the Local Board reopened plaintiff's classification and unanimously re-classified him I–A. On June 19, 1970, this classification decision was appealed to the Pennsylvania State Appeal Board since plaintiff had been transferred by his employer from Ohio to Pennsylvania. On August 31, 1970, the Pennsylvania State Appeal Board classified plaintiff II–A until August, 1971, by a unanimous vote of 3–0.

On October 19, 1970, plaintiff's Local Board in Maine voted unanimously to recommend to the Maine State Director that plaintiff's classification be appealed to the Presidential Appeal Board. This recommendation was not made available to plaintiff or to the Company.

On November 3, 1970, the Maine State Director appealed to the Presidential Appeal Board and on November 4, 1970, attached a six-paragraph "Statement of Appeal" to plaintiff's file. The statement of appeal was not made available to plaintiff or the Company. The State Appeal Board did, however, notify plain-

tiff by letter dated November 3, 1970, that his case was being appealed. The reasons for the appeal were not disclosed.

On November 16, 1970, plaintiff, by letter, asked his Local Board to explain the appeal. By return mail the Local Board quoted Section 1627.1(a) [1] of the Selective Service regulations, but did not disclose its reasons for the appeal.

On December 5, 1970, the Local Board received a letter from plaintiff's employer dated December 1, 1970. It is alleged in conclusory fashion only that this letter presented new information not previously considered by the Local Board which constituted a prima facie case for an occupational deferment. In this respect it is alleged that the letter was not considered by the Local Board. On December 29, 1970, the Presidential Appeal Board classified plaintiff I–A by a vote of 3–0. The complaint further alleges that the Presidential Appeal Board, in considering the appeal, made use of a resume which was not part of plaintiff's Selective Service file which presented the file in a light adverse to plaintiff. This was not furnished to plaintiff or to his employer. Plaintiff was subsequently ordered to report for induction on April 13, 1971.

Assuming all the facts alleged in the complaint as being true, two issues are raised on this motion to dismiss, namely, (1) whether this Court has jurisdiction to enjoin plaintiff's scheduled induction at this pre-induction stage of the proceedings, and (2) whether a claim upon which relief can be granted is stated in the complaint.

Section 10(b) (3) of the Military Selective Service Act of 1967, 50 U.S.C. App. § 460(b) (3) (1964 ed. Supp. III) prohibits pre-induction review of Selective Service classifications and provides in pertinent part that:

"No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under Section 12 of this Title, after the registrant has responded either affirmatively or negatively to an order to report for induction * * *."

Certain exceptions to Section 10(b) (3)'s seemingly absolute prohibition of judicial review have been fashioned by the Supreme Court and by this Circuit.

In Oestereich v. Selective Service Board, No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968), the petitioner, an enrolled theological student classified IV–D, was declared delinquent and reclassified I–A by his Local Board after he turned in his registration certificate in symbolic protest to the Vietnam War. After his administrative appeals were denied, petitioner was ordered to report for induction. The pre-induction review he sought was denied for lack of jurisdiction on the basis of Section 10(b) (3). The Supreme Court reversed and remanded, holding that Section 10(b) (3) could not be literally construed to preclude pre-induction judicial review of a classification based on delinquency regulations which were not authorized by Congress to be used to deprive a registrant of a statutorily granted exemption. The Court was clearly concerned with "conduct of a Local Board that is basically lawless". 393 U.S. at 237, 89 S.Ct. at 416. The Oestereich situation, the Court noted, did not deal with a Local Board's exercise of discretion in evaluating evidence, but rather involved a "clear departure by the Board from its statutory mandate". Id. at 238, 89 S.Ct. at 416.

Later, in Breen v. Selective Service Board, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970), the Court was faced with a similar delinquency classification. There, the petitioner was given a II–S student deferment pursuant to 50 U.S.C.

---

1. "(a) When either the State Director of Selective Service or the Director of Selective Service deems it to be in the national interest or necessary to avoid an injustice, he may appeal to the President from any determination of an appeal board. He may take such an appeal at any time."

App. § 451 et seq., (1964 Ed. Supp. IV), but was later reclassified I–A pursuant to the delinquency regulations for failing to have his draft card in his possession. The Court found the situation in *Breen* indistinguishable from that in *Oestereich*.

"In both situations a draft registrant who was required by the relevant law not to be inducted was in fact ordered to report for military service. In both cases the order for induction involved a 'clear departure by the Board from its statutory mandate,' *Oestereich, supra,* at 238, 89 S.Ct. at 416, and in both cases § 10(b) (3) of the Act should not have been construed to require the registrants to submit to induction or risk criminal prosecution to test the legality of the induction order". *Breen, supra,* at 467–68, 90 S.Ct. at 666.

Recently, the Third Circuit handed down its decision in Hunt v. Local Board No. 197, 438 F.2d 1128, wherein five judges, constituting a majority of the Court, agreed that Section 10(b) (3) as construed in *Oestereich* and *Breen* did not preclude pre-induction review where a Local Board, after being put on notice of a prima facie case for a III–A deferment, failed to reopen a registrant's classification. Judge Gibbons' opinion indicates that in light of Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970), a Local Board's failure to re-open a classification when presented with a prima facie case is the type of "clear departure" from the Board's "statutory mandate" contemplated by *Oestereich* and *Breen.* Judge Gibbons' language is instructive:

"[I]t would seem that pre-induction judicial review is available of refusals to reopen when a *prima facie* claim has been filed. I can perceive no valid distinction between the challenge to the delinquency reclassification procedures considered in *Breen* and *Oestereich* and the challenge to the reopening procedures made here. As the case comes before us, plaintiff has given notice of a prima facie change in conditions entitling him to reclassification. He complains that the reclassification procedures followed by the Local Board, which *ex parte* denied him a hearing and an appeal, are both lacking in statutory authorization and violative of constitutional rights. The challenge to 32 C.F.R. § 1625.4 (1969) is no different in kind than the challenge to 32 C.F.R. pt. 1642 (1969) permitted in those cases". *Hunt, supra,* 438 F.2d at 1135.

According to Judge Gibbons a Local Board's abuse of discretion is a *clear legal error* of such nature as to authorize pre-induction review.

Judge Freedman, in his separate opinion, reasoned that the Local Board in *Hunt* acted upon the clearly erroneous legal ground that a fatherhood deferment must be denied where the registrant had previously received a II–S deferment under the 1967 Act as a graduate student. Such clear legal error justified pre-induction review in Judge Freedman's opinion.

Chief Judge Hastie's opinion is grounded in an analysis of mandamus. Judge Hastie believed the judicial review issue need not have been reached because mandamus as a conceptual matter is not judicial review and, therefore, the Court could require the Selective Service Board to perform the ministerial duty of reopening a classification without engaging in a prohibited exercise of judicial review.

Respondents contend that mere procedural errors, if they exist as alleged, cannot be reviewed at the pre-induction stage under the narrow exceptions of *Oestereich* and *Breen.* Reliance is placed upon Lane v. Local Board No. 17, (No. 7740, 1st Cir. 2/24/71). *Lane* dealt with a refusal to reopen where the Board was faced with a post order to report conscientious objector claim. The issue of whether a Local Board is required to reopen a post-induction order conscientious objector claim has since been laid to rest by the Supreme Court

in Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971). However, the *Lane* Court's analysis of the issues before it is sound. The First Circuit reasoned that mere procedural irregularities are not reviewable at the pre-induction stage because "procedural errors occur with such frequency as to make Section 460(b) (3) meaningless if an allegation of a procedural error is enough to merit pre-induction review. Moreover, that statute limits not only the judicial review of a Board's classification of a registrant, but also of the 'processing' of a registrant". (Slip op. at p. 5) *Lane* also instructs that the record for pre-induction review must clearly reveal that the plaintiff is likely to prevail on the merits. The Court's analysis was based upon a reading of the majority opinion in *Oestereich*, and suggests an error of law of such magnitude to warrant a characterization as "blatantly lawless" conduct within the rules set forth in *Oestereich* and *Breen*.

Based upon the allegations in the pleadings in the instant case and considering the procedural irregularities as alleged and the procedural status of plaintiff's case at the time they allegedly occurred, we must grant respondent's motion to dismiss. First of all, we find the situation here readily distinguishable from the completely unauthorized Local Board conduct considered by the Supreme Court in *Oestereich* and *Breen*. It is also readily distinguished from the situation in *Hunt*. We are not faced here with a Local Board's failure to reopen in the face of a prima facie showing of entitlement to a deferment.

■ Plaintiff complains that the Maine Local Board failed to furnish him with its vote and recommendation to the State Selective Service Director to appeal plaintiff's classification to the Presidential Appeal Board. Plaintiff has cited no case nor has our research disclosed authority to say that the Board's failure in this respect constitutes clear legal error or blatantly lawless conduct within the meaning of *Oestereich* and *Breen*. As far as our research discloses,

there is no requirement in the Selective Service regulations which would place a clear and mandatory duty upon the Local Board to advise the registrant of its recommendations to the State Selective Service Director to appeal a registrants classification. This aspect of the Board's conduct here, in our opinion, is not the type of "blatantly lawless conduct" contemplated by *Oestereich*, *Breen* or *Hunt*. Rather, a Local Board's decision to recommend an appeal to the President by the State Selective Service Director is more appropriately characterized as a matter of Local Board discretion not subject to a pre-induction review. Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968). This is, of course, not to say that the Board's actions may not be reviewed post-induction. We merely indicate that there is no such clear legal error which would authorize an exception to the prohibition of Section 10(b) (3).

■ Plaintiff also argues that the Local Board's failure to furnish him with its statement of appeal which it forwarded to the Presidential Appeal Board would justify pre-induction review. We disagree. First of all, such is not required by the regulations governing appeals to the President. The State Director of Selective Service, under 32 CFR § 1627.1, is required, before forwarding the registrant's file to the Director of Selective Service, to place a written statement of his reasons for appealing in the registrant's file. A notice of appeal was forwarded to petitioner here in accordance with 32 CFR § 1627.5. Again, we cannot say that such conduct is blatantly lawless or clearly legal error within the meaning of *Oestereich*, *Breen* and *Hunt*. If the Board's failure here can be characterized as error, it is more in the category of a procedural irregularity not justifying pre-induction review under Lane v. Local Board No. 17, *supra*.

■ Plaintiff next alleges that the Board failed to consider new information submitted by his employer which allegedly would have justified a change in

classification and, therefore, the Board should have acted to reopen plaintiff's classification. Plaintiff here relies primarily upon Hunt v. Local Board No. 197, *supra.*

The instant situation, however, is distinguishable from *Hunt.* Here, the letter sent by plaintiffs employer was sent during the pendency of the Presidential appeal. At this time, the registrant's file was no longer in the Local Board's possession. Under the reopening regulations the Local Board would be required to ascertain, apparently by comparison to those facts already in the registrant's file, whether any *new* facts have been presented which would justify a different classification. During the pendency of the Presidential Appeal plaintiff here was already classified II–A. Without the registrant's file and with plaintiff already classified II–A, it would appear to this Court that the Local Board could not act upon the letter. It could not compare the letter with the facts already in the plaintiff's file nor could it grant plaintiff a II–A classification as plaintiff was already classified II–A. We do not believe that this can fairly be characterized as a "failure to reopen" similar to the situation in *Hunt.* The fact of a pending Presidential Appeal, as it affects the Local Board's ability to act, we believe, changes the situation significantly.

An examination of the regulations pertaining to occupational deferments also convinces us that when compared to the plaintiff's pleading herein, plaintiff has failed to plead factually that his employer's letter established a prima facie claim for occupational deferment. The

allegation is merely conclusionary. Nowhere in the complaint is it alleged factually that the Board was presented information tending to show the requirements enumerated in 32 CFR § 1622.23 [2]. Plaintiff's complaint in this respect must be dismissed for failure to state a claim upon which relief could be granted. It is insufficient to bring it within the ambit of *Hunt, supra.*

In sum, we do not believe the complaint here demonstrates a situation which, if accepted as true, can be categorized as blatantly lawless conduct within the exceptions to § 10(b) (3) outlined in *Oestereich* and *Breen.* Furthermore, we are not faced with the Board stripping a registrant of a statutorily conferred right as was the case in *Oestereich* and *Breen.* We believe the circumstances here alleged are also unlike the situation before the Court in *Hunt.* We cannot fairly categorize the Board's actions here as a failure to reopen in disregard of a prima facie case for a different classification as would justify pre-induction review. Plaintiff has failed to allege facts which, if true, would justify pre-induction review here. We believe the errors here alleged, if proved, are more approximately characterized as procedural irregularities or processing errors more appropriately reviewable by the judiciary in a post-induction proceeding. Lane v. Local Board No. 17, *supra.* See also Edwards v. Selective Service Local Board No. 11, 432 F.2d 287 (5th Cir. 1970); Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968). In accordance with the foregoing, respondent's motion to dismiss will be granted.

2. In order to allege that his occupation meet the requirements of 32 C.F.R. § 1622.22, the registrant must present facts which satisfy the conditions outlined in Section 1622.23. Generally stated, they are that the employment is necessary to the national health, safety or interest; that the registrant is engaged in such activity; that he cannot be replaced due to a shortage of persons with his qualifications or skill; that his removal would cause material loss of effectiveness in the activity.